UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 6:21-cv-00263<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST APPLE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendant Apple Inc. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Plaintiff, each of which relates to improvements in electronic circuitry in computing devices and processors: United States Patent Nos. 6,317,804 ("'804 Patent"); 6,622,108 ("'108 Patent"); 6,807,505 ("'505 Patent"); and 7,917,680 ("'680 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

1

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014. Apple Inc. may be served with process through its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

6. Venue is proper in this District under 28 U.S.C. § 1400 (b). Defendant is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Defendant has regular and established places of businesses in this District, including at 12545

Riata Vista Cir., Austin, Texas 78727; 12801 Delcour Dr., Austin, Texas 78727; and 3121 Palm Way, Austin, Texas 78758.[1]

## FACTUAL ALLEGATIONS

7. On April 3, 2018, Future Link sent a notice letter to Apple asserting the infringement of Future Link patents, including the '804 Patent, '108 Patent, and '505 Patent.

8. On May 15, 2018, Future Link and Apple held an initial meeting where Future Link presented an overview of its portfolio and claim charts for various Future Link patents, including the '804 Patent, '108 Patent, '505 Patent and '680 Patent.

9. On August 1, 2018, Apple presented non-infringement arguments with respect to Future Link patents, including the '804 Patent, '108 Patent, '505 Patent and '680 Patent.

10. On October 4, 2018, Future Link responded to Apple's non-infringement arguments with respect to Future Link patents, including the '804 Patent, '108 Patent, '505 Patent and '680 Patent.

11. On November 29, 2018, Apple presented invalidity arguments with respect to Future Link patents, including the '804 Patent, '108 Patent, '505 Patent and '680 Patent.

12. On March 14, 2019, Future Link responded to Apple's prior art contentions for Future Link patents, including the '804 Patent, '108 Patent, '505 Patent and '680 Patent are provided.

---

[1] *See, e.g.*, https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/; https://goo.gl/maps/8Cr3zaxvwpePsWwL6; https://goo.gl/maps/UWFYdgUfZVFr8FG26; https://www.apple.com/retail/domainnorthside/.

13. Despite these efforts, Apple refused to discuss appropriate terms for a license to Plaintiff's patents. Thus, Plaintiff was left with no recourse but to file this lawsuit to protect its valuable assets.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,317,804

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,317,804, entitled "Concurrent Serial Interconnect for Integrating Functional Blocks in an Integrated Circuit Device." The '804 Patent was duly and legally issued by the United States Patent and Trademark Office on November 13, 2001. A true and correct copy of the '804 Patent is attached as Exhibit 1.

16. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including smartphones, tablets, and computers incorporating Apple Ax and Mx processors, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '804 Patent.

17. Defendant also knowingly and intentionally induces infringement of at least claim 1 of the '804 Patent in violation of 35 U.S.C. § 271(b). On or about April 3, 2018, Future Link sent letters to Apple's General Counsel and its Legal Counsel, IP Transactions Group, specifically identifying the '804 Patent and Apple's infringement in connection with the Accused Products. Through at least that communication, and the interactions as detailed in Future Link's Factual Allegations, Defendant has had knowledge of the '804 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '804 Patent, Defendant continues to actively

encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '804 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '804 Patent, thereby specifically intending for and inducing its customers to infringe the '804 Patent through the customers' normal and customary use of the Accused Products.

18. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '804 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '804 Patent, are especially made or adapted to infringe the '804 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '804 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

19. The Accused Products satisfy all claim limitations of one or more claims of the '804 Patent. A claim chart comparing independent claim 1 of the '804 Patent to representative Accused Products is attached as Exhibit 2.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '804 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '804 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

22. Defendant also had knowledge of or has been willfully blind to its infringement of the '804 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '804 Patent.

23. Defendant also had actual or constructive knowledge of Future Link's rights in the '804 Patent due to, for example, Future Link's communications with Defendant, as detailed in the Factual Allegations.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,622,108

24. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,622,108 (the "'108 Patent"), entitled "Circuit With Interconnect Test Unit and a Method of Testing Interconnects Between a First and a Second Electronic Circuit." The '108 Patent was duly and legally issued by the United States Patent and Trademark Office on September 16, 2003. A true and correct copy of the '108 Patent is attached as Exhibit 3.

26. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including laptop and desktop computers including GDDR5 RAM and similar or subsequent GDDR RAM, such as the Apple MacBook Pro 15", that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 11 of the '108 Patent.

27. Defendant also knowingly and intentionally induces infringement of at least Claim 11 of the '108 Patent in violation of 35 U.S.C. § 271 (b). On or about April 3, 2018, Future Link sent letters to Apple's General Counsel and its Legal Counsel, IP Transactions Group, specifically

identifying the '108 Patent and Apple's infringement in connection with the Accused Products. Through at least that communication, the interactions as detailed in Plaintiff's Factual Allegations, and the filing and service of this Complaint, Defendant has had knowledge of the '108 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '108 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '108 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '108 Patent, thereby specifically intending for and inducing its customers to infringe the '108 Patent through the customers' normal and customary use of the Accused Products.

28. Defendant has also infringed, and continues to infringe, at least Claim 11 of the '108 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '108 Patent, are especially made or adapted to infringe the '108 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '108 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

29. The Accused Products satisfy all claim limitations of one or more claims of the '108 Patent. A claim chart comparing independent claim 11 of the '108 Patent to representative Accused Products is attached as Exhibit 4.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '108 Patent pursuant to 35 U.S.C. § 271.

31.     As a result of Defendant's infringement of the '108 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

32.     Defendant also had knowledge of or has been willfully blind to its infringement of the '108 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '108 Patent.

33.     Defendant also had actual or constructive knowledge of Plaintiff's rights in the '108 Patent due to, for example, Future Link's communications with Defendant, as detailed in the Factual Allegations.

34.     Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '108 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,807,505

35.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,807,505 (the "'505 Patent"), entitled "Circuit With Interconnect Test Unit." The '505 Patent was duly and legally issued by the United States Patent and Trademark Office on October 19, 2004. A true and correct copy of the '505 Patent is attached as Exhibit 5.

37. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including computers containing JEDEC DDR4 SDRAM such as the Apple Mac Pro, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '505 Patent.

38. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '505 Patent in violation of 35 U.S.C. § 271(b). On or about April 3, 2018, Future Link sent letters to Apple's General Counsel and its Legal Counsel, IP Transactions Group, specifically identifying the '505 Patent and Apple's infringement in connection with the Accused Products. Through at least that communication, the interactions as detailed in Plaintiff's Factual Allegations, and the filing and service of this Complaint, Defendant has had knowledge of the '505 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '505 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '505 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '505 Patent, thereby specifically intending for and inducing its customers to infringe the '505 Patent through the customers' normal and customary use of the Accused Products.

39. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '505 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '505 Patent, are especially made or adapted to infringe the '505 Patent, and are not staple articles or

commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '505 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

40. The Accused Products satisfy all claim limitations of one or more claims of the '505 Patent. A claim chart comparing independent claims 1 of the '505 Patent to representative Accused Products is attached as Exhibit 6.

41. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '505 Patent pursuant to 35 U.S.C. § 271.

42. As a result of Defendant's infringement of the '505 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

43. Defendant also had knowledge of or has been willfully blind to its infringement of the '505 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '505 Patent.

44. Defendant also had actual or constructive knowledge of Future Link's rights in the '505 Patent due to, for example, Plaintiff's communications with Defendant, as detailed in the Factual Allegations.

45. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '505 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,917,680

46. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,917,680 (the "'680 Patent"), entitled "Performance Based Packet Ordering in a PCI Express Bus." The '680 Patent was duly and legally issued by the United States Patent and Trademark Office on March 29, 2011. A true and correct copy of the '680 Patent is attached as Exhibit 7.

48. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including smartphones, tablets, and computers with A-Series or M-Series processors, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '680 Patent.

49. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '680 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and through pre-filing communications with Plaintiff and/or its predecessors-in-interest, including as detailed in Future Link's Factual Allegations, Defendant has had knowledge of the '680 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '680 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '680 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '680 Patent, thereby specifically intending for and inducing its customers to

infringe the '680 Patent through the customers' normal and customary use of the Accused Products.

50. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '680 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '680 Patent, are especially made or adapted to infringe the '680 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '680 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

51. The Accused Products satisfy all claim limitations of one or more claims of the '680 Patent. A claim chart comparing independent claim 1 of the '680 Patent to representative Accused Products is attached as Exhibit 8.

52. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '680 Patent pursuant to 35 U.S.C. § 271.

53. As a result of Defendant's infringement of the '680 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

54. Defendant also had knowledge of or has been willfully blind to its infringement of the '680 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '680 Patent.

55. Defendant also had actual or constructive knowledge of Future Link's rights in the '680 Patent due to, for example, Future Link's communications with Defendant, as detailed in the Factual Allegations.

56. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '680 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '804 Patent, the '108 Patent, the '505 Patent, and the '680 Patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '108 Patent, the '505 Patent, and the '680 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '804 Patent, the '108 Patent, the '505 Patent, and the '680 Patent; and

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

  f. An award of enhanced damages to Plaintiff as a result of Defendant's willful infringement; and

  g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 16, 2021  Respectfully submitted,

  */s/ Reza Mirzaie*
  Reza Mirzaie

  Reza Mirzaie (CA SBN 246953)
  rmirzaie@raklaw.com
  Marc A. Fenster (CA SBN 181067)
  mfenster@raklaw.com
  Brian D. Ledahl (CA SBN 186579)
  bledahl@raklaw.com
  Christian W. Conkle (CA SBN 306374)
  cconkle@raklaw.com
  Minna Y. Chan (CA SBN 305941)
  mchan@raklaw.com
  Jonathan Ma (CA SBN 312773)
  jma@raklaw.com
  James Milkey (CA SBN 281213)
  jmilkey@raklaw.com
  **RUSS AUGUST & KABAT**
  12424 Wilshire Blvd., 12th Floor
  Los Angeles, California 90025
  Telephone: (310) 826-7474
  Facsimile: (310) 826-6991

  Attorneys for Plaintiff
  *Future Link Systems, LLC*