# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>   Defendant. | Civil Action No. 6:21-cv-00263-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT APPLE INC.'S ANSWER TO FUTURE LINK SYSTEMS, LLC'S COMPLAINT

Defendant Apple Inc. ("Apple"), by and through its attorneys, files its Answer to Plaintiff Future Link Systems, LLC's ("Future Link") Complaint for Patent Infringement (Dkt. No. 1).

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Future Link's Complaint in the corresponding numbered paragraphs below. Unless expressly admitted, Apple denies all allegations and characterizations in Future Link's Complaint.

## INTRODUCTION[1]

1. Apple admits that the Complaint purports to assert infringement by Apple of U.S. Patent Nos. 6,317,804 (the "'804 patent"); 6,622,108 (the "'108 patent"); 6,807,505 (the "'505 patent"); and 7,917,680 (the "'680 patent") (collectively, the "Asserted Patents"). To the extent that Paragraph 1 of the Complaint implicates legal conclusions, no response is required. Apple

---

[1] Apple repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this response. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations. Where necessary, Apple makes amendments to Future Link's headings in brackets.

denies that its conduct has been unlawful or that it has infringed any claims of the Asserted Patents.  Apple admits that the Asserted Patents relate to electronic circuitry in computing devices and processors, but denies that they recite improvements over the prior art.  To the extent that this paragraph purports to describe matters within Future Link's knowledge and control, such as its ownership of the Asserted Patents, Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 1 of the Complaint, and therefore denies them.  Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 1 of the Complaint.

## PARTIES

2.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 2 of the Complaint, and therefore denies them.

3.      To the extent that the allegations of Paragraph 3 of the Complaint set forth legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it is a publicly traded corporation, that it is organized under the laws of California, and that its principal place of business is at One Apple Park Way, Cupertino, California 95014.  Apple also admits that CT Corporation Systems, which operates an office at 818 West Seventh Street, Suite 930, Los Angeles, California 90017, is Apple's agent for service of process.  Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Apple admits that this is a purported action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.  Apple further admits

that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Apple does not contest that specific personal jurisdiction is proper in this Court, solely for purposes of this action. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 5 of the Complaint.

6. Future Link's venue allegation calls for a legal conclusion and therefore no answer is required. Apple admits that it has an office at 12545 Riata Vista Circle, Austin, Texas 78727. Apple admits that it has a retail location at 3121 Palm Way, Austin, Texas 78758. Apple admits that it has conducted and continues to conduct business in this District. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 6 of the Complaint.[2]

## FACTUAL ALLEGATIONS

7. To the extent that the allegations of Paragraph 7 of the Complaint set forth legal conclusions, no response is required. To the extent that a response is required, Apple admits that on or around April 3, 2018, Apple received a letter from Future Link. Apple admits the letter, dated April 3, 2018, asserts infringement of certain patents, including the '804 patent, the '108 patent, and the '505 patent. Except as specifically admitted, and to the extent that a response is

---

[2] Footnote one to paragraph 6 of the Complaint does not contain allegations for Apple to admit or deny and so no response is required.

required, Apple denies that it infringes any Future Link patents, and denies the allegations and characterizations contained in Paragraph 7 of the Complaint.

8. Apple admits that representatives from Apple met with representatives from Future Link on or around May 15, 2018, that the parties viewed presentations during that meeting, and that the presentations identified the '804 patent, the '108 patent, the '505 patent, and the '680 patent and included information on an element-by-element basis for some claims in chart form. Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 8 of the Complaint.

9. Apple admits that representatives from Apple met with representatives from Future Link on or around August 1, 2018, that the parties viewed a presentation identifying the '804 patent, the '108 patent, the '505 patent, and the '680 patent, and that Apple presented noninfringement positions pertaining to these patents. Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 9 of the Complaint.

10. Apple admits that representatives from Apple met with representatives from Future Link on or around October 4, 2018 and that the parties viewed a presentation during that meeting. Apple admits the presentation contained purported infringement allegations for certain patents, including the '804 patent, the '108 patent, the '505 patent, and the '680 patent. Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 10 of the Complaint.

11. Apple admits that representatives from Apple met with representatives from Future Link on or around November 29, 2018, that the parties viewed a presentation during that meeting, and that Apple presented, *inter alia*, invalidity positions pertaining to the '804 patent,

the '108 patent, the '505 patent, and the '680 patent.  Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 11 of the Complaint.

12.     Apple admits that representatives from Apple received a presentation from representatives from Future Link on or around March 14, 2019 that identified patents including the Asserted Patents.  Apple admits the presentation contained purported responses to Apple's invalidity positions relating to certain patents, including the '804 patent, the '108 patent, the '505 patent, and the '680 patent.  Except as specifically admitted, and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 12 of the Complaint.

13.     Denied.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,317,804

14.     Apple incorporates by reference its responses to Paragraphs 1–13 of the Complaint as set forth fully herein.  Paragraph 14 of the Complaint does not contain allegations for Apple to either admit or deny and so no response is required.

15.     Apple admits that what appears to be a copy of the '804 patent, entitled "Concurrent Serial Interconnect for Integrating Functional Blocks in an Integrated Circuit Device," bearing an issue date of November 13, 2001, is attached to the Complaint as Exhibit 1.  Apple denies that the '804 patent was duly and legally issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 15 of the Complaint, and therefore denies them.

16.     Denied.

17. To the extent that Paragraph 17 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '804 patent, directly or indirectly, literally or under the doctrine of equivalents. Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '804 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that attached to the Complaint as Exhibit 2 is what appears to be a claim chart comparing claim 1 of the '804 patent to certain products. Apple denies that it infringes or has infringed any claim of the '804 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 19 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. To the extent that Paragraph 23 of the Complaint implicates legal conclusions, no response is required. Apple incorporates by reference herein its responses to Paragraphs 7–12 of

the Complaint.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 23 of the Complaint.

## COUNT II

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,622,108

24. Apple incorporates by reference its responses to Paragraphs 1–23 of the Complaint as set forth fully herein.  Paragraph 24 of the Complaint does not contain allegations for Apple to either admit or deny and so no response is required.

25. Apple admits that what appears to be a copy of the '108 patent, entitled "Circuit with Interconnect Test Unit and a Method of Testing Interconnects Between a First and a Second Electronic Circuit," bearing an issue date of September 16, 2003, is attached to the Complaint as Exhibit 3.  Apple denies that the '108 patent was duly and legally issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 25 of the Complaint, and therefore denies them.

26. Denied.

27. To the extent that Paragraph 27 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '108 patent, directly or indirectly, literally or under the doctrine of equivalents.  Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '108 patent, directly or indirectly, literally or under the doctrine of

equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that attached to the Complaint as Exhibit 4 is what appears to be a claim chart comparing claim 11 of the '108 patent to certain products.  Apple denies that it infringes or has infringed any claim of the '108 patent, directly or indirectly, literally or under the doctrine of equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. To the extent that Paragraph 33 of the Complaint implicates legal conclusions, no response is required.  Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 33 of the Complaint.

34. Denied.

## COUNT III

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,807,505

35. Apple incorporates by reference its responses to Paragraphs 1–34 of the Complaint as set forth fully herein.  Paragraph 35 of the Complaint does not contain allegations for Apple to either admit or deny and so no response is required.

36. Apple admits that what appears to be a copy of the '505 patent, entitled "Circuit with Interconnect Test Unit," bearing an issue date of October 19, 2004, is attached to the

Complaint as Exhibit 5. Apple denies that the '505 patent was duly and legally issued. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 36 of the Complaint, and therefore denies them.

      37.      Denied.

      38.      To the extent that Paragraph 38 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '505 patent, directly or indirectly, literally or under the doctrine of equivalents. Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 38 of the Complaint.

      39.      To the extent that Paragraph 39 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '505 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 39 of the Complaint.

      40.      To the extent that Paragraph 40 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that attached to the Complaint as Exhibit 6 is what appears to be a claim chart comparing claim 1 of the '505 patent to certain products. Apple denies that it infringes or has infringed any claim of the '505 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 40 of the Complaint.

      41.      Denied.

42. Denied.

43. Denied.

44. To the extent that Paragraph 44 of the Complaint implicates legal conclusions, no response is required.  Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 44 of the Complaint.

45. Denied.

## COUNT IV

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,917,680

46. Apple incorporates by reference its responses to Paragraphs 1–45 of the Complaint as set forth fully herein.  Paragraph 46 of the Complaint does not contain allegations for Apple to either admit or deny and so no response is required.

47. Apple admits that what appears to be a copy of the '680 patent, entitled "Performance Based Packet Ordering in a PCI Express Bus," bearing an issue date of March 29, 2011, is attached to the Complaint as Exhibit 7.  Apple denies that the '680 patent was duly and legally issued.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 47 of the Complaint, and therefore denies them.

48. Denied.

49. To the extent that Paragraph 49 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '680 patent, directly or indirectly, literally or under the doctrine of equivalents.  Apple incorporates by reference herein its responses to Paragraphs 7–12 of the

Complaint. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 49 of the Complaint.

50. To the extent that Paragraph 50 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '680 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 50 of the Complaint.

51. To the extent that Paragraph 51 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that attached to the Complaint as Exhibit 8 is what appears to be a claim chart comparing claim 1 of the '680 patent to certain products. Apple denies that it infringes or has infringed any claim of the '680 patent, directly or indirectly, literally or under the doctrine of equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 51 of the Complaint.

52. Denied.

53. Denied.

54. Denied.

55. To the extent that Paragraph 55 of the Complaint implicates legal conclusions, no response is required. Apple incorporates by reference herein its responses to Paragraphs 7–12 of the Complaint. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 55 of the Complaint.

56. Denied.

## PRAYER FOR RELIEF

This section of the Complaint sets forth Future Link's requested relief to which no response is required. Apple denies that Future Link is entitled to any relief sought in its Prayer for Relief or otherwise.

## DEMAND FOR A JURY TRIAL

This paragraph sets forth Future Link's demand for jury trial to which no response is required.

## ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following defenses:

## FIRST DEFENSE
### Noninfringement

1. Future Link's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE
### Invalidity

2. Future Link's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code. For example, the '804 patent is invalid in view of at least U.S. Patent No. 6,065,077, the '680 patent is invalid in view of at least U.S. Patent No. 6,327,636, the '108 patent is invalid in

view of at least U.S. Patent No. 5,442,643, and the '505 patent is invalid in view of at least U.S. Patent No. 5,442,301.

## THIRD DEFENSE
### No Irreparable Harm

3. Future Link is not entitled to injunctive relief because any injury to it is not irreparable and can be adequately compensated by monetary damages, and it has an adequate remedy at law for any claims it can prove, the balance of hardships do not tip in its favor, and the public interest would be disserved by an injunction. Further, the '804, '108, and '705 patents are expired, rendering any potential injunctive relief moot.

## FOURTH DEFENSE
### Limitation of Remedies

4. Future Link's remedies are limited under 28 U.S.C. § 1498(a). Apple is not liable to the extent the accused devices were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

## FIFTH DEFENSE
### Limitation on Damages

5. To the extent that Future Link and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Future Link for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

6.      Future Link's recovery is limited under 35 U.S.C. § 286.  Future Link may not recover for any alleged infringement committed more than six years prior to the filing of the Complaint.

## SIXTH DEFENSE
### Estoppel, Unclean Hands, Misuse, Implied License

7.      Future Link's claims are barred in whole or in part by reason of estoppel.  For example, Future Link is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

8.      Future Link's claims and prayer for relief are also barred and/or limited, in whole or in part, under the doctrines of estoppel, unclean hands, misuse, and/or implied license as a result of binding obligations by Future Link's predecessor(s)-in-interest to license any alleged standard essential patents on reasonable and non-discriminatory ("RAND") terms.  Apple denies that any of the Asserted Patents are essential to any relevant standards.  But, to the extent that liability is found, Future Link's claims for relief are limited by its obligations to license one or more of the Asserted Patents on RAND terms, Future Link is precluded from seeking injunctive relief or enhanced damages with respect to one or more of the Asserted Patents, and/or Future Link's Asserted Patents are unenforceable.

9.      By way of example, on information and belief, these defenses arise from one or more former owners of the Asserted Patents, including for example NXP and/or Philips, being a

member of PCI-SIG (Peripheral Component Interconnect Special Interest Group) before, during, and after the adoption of the PCI and PCI Express standards, and while they owned one or more of the Asserted Patents, including the '680 patent.  Under PCI-SIG bylaws, members agree to grant licenses to other members (including Apple) under RAND terms to practice any "Necessary Claims" of their patents and patent applications.  During Apple's discussions with Future Link, Future Link failed to offer to license the '680 patent on RAND terms.

10. By way of further example, on information and belief, these defenses arise from one or more former owners of the Asserted Patents, including for example NXP and/or Philips, being a member of the JEDEC Solid State Technology Association, before, during, and after the adoption of, for example, the JEDEC JESD79-4 DDR4 SDRAM and/or JESD212 GDDR5 SGRAM standards, and while they owned one or more of the Asserted Patents, including the '505 and '108 patents.  Under JEDEC's Patent Policy, members agree to offer to license on RAND terms all "Essential Patent Claims" to all potential licensees.  During Apple's discussions with Future Link, Future Link failed to offer to license the '505 patent and the '108 patent on RAND terms.

## SEVENTH DEFENSE
### Exhaustion, License

11. Future Link's claims for patent infringement are precluded, in whole or in part, by the doctrines of express license, implied license, and/or exhaustion.  For example, upon information and belief, one or more of Apple's suppliers of components implicated by Future Link's infringement allegations are licensed and/or authorized to practice the Asserted Patents.  Accordingly, to the extent that any agreement between Future Link and any such Apple supplier extends rights to Apple and/or any accused products, the doctrines of express license and/or implied license preclude Future Link's claims for patent infringement.  Further, to the

extent the claims of one or more of the Asserted Patents are substantially embodied by a component purchased by or for Apple from a seller authorized by Future Link, Future Link's patent rights are exhausted.

## RESERVATION OF ALL DEFENSES

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## JURY DEMAND

Apple demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

A.  Judgment against Future Link in favor of Apple in all respects;

B.  Dismissal of the Complaint with prejudice;

C.  An order barring Future Link and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the '804, '108, '505, and '680 patents against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

D.  An award of expenses, costs, and disbursement in this action, including prejudgment interest;

E.  An order declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Apple its expenses, costs, attorneys' fees, and expert witness fees, in accordance with

35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and all other applicable statutes, rules, and common law; and

  F.  Such other and additional relief as this Court may deem just and proper.

Date: June 1, 2021              Respectfully submitted,

                          */s/ Benjamin C. Elacqua*

J. Stephen Ravel
Texas Bar No. 16584975
steve.ravel@kellyhart.com
**KELLY HART & HALLMAN LLP**
303 Colorado, Ste. 2000
Austin, Texas 78701
Telephone No.: (512) 495-6400
Facsimile No.: (512) 495-6401

Lauren A. Degnan (*pro hac vice*)
lad@fr.com
Raj Utreja (*pro hac vice*)
utreja@fr.com
**FISH & RICHARDSON P.C.**
1000 Main Avenue, S.W.
Suite 1000
Washington, D.C. 20024
Telephone No.: (202) 783-5070

Benjamin C. Elacqua
Texas Bar No. 24055443
elaqua@fr.com
John P. Brinkmann
Texas Bar No. 24068091
brinkmann@fr.com
Tony Nguyen
Texas Bar No. 24083565
nguyen@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone No.: (713) 654-5300

Noah C. Graubart
graubart@fr.com
Eda Stark (*pro hac vice*)
stark@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
21st Floor
Atlanta, Georgia 30309
Telephone No.: (404) 892-5005

>Scott M. Flanz (*pro hac vice*)
>flanz@fr.com
>**FISH & RICHARDSON P.C.**
>7 Times Square
>20th Floor
>New York, New York 10036
>Telephone No.: (212) 765-5070
>
>*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 1, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

>*/s/ Benjamin C. Elacqua*
>Benjamin C. Elacqua